1  MICHAEL K. BRISBIN (SBN 169495)
   DENNIS J. RHODES (SBN 168417)
2  WILSON, ELSER, MOSKOWITZ,
     EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor,
   San Francisco, CA 94105-2725
4  Telephone: 415.433.0990
   Facsimile: 415.434.1370
5
   Attorneys for Plaintiff,
6  **AMERICAN GENERAL LIFE INSURANCE
   COMPANY**
7

8             UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | Case No. _____ |
| Plaintiff, | **PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER** |
| v. | |
| LYVETTE CRESPO, DANIEL CRESPO, JR., CRYSTAL CRESPO, and ROSE HILLS CO. dba ROSE MEMORIAL PARK & MORTUARY, | |
| Defendants. | |

18

19           **COMPLAINT FOR INTERPLEADER RELIEF**

20       Plaintiff American General Life Insurance Company ("American General"), by

21  its undersigned attorneys, files this Complaint for Interpleader Relief pursuant to 28

22  U.S.C. §1335 and Fed.R.Civ.P. 22 against Defendants Lyvette Crespo, Daniel Crespo

23  Jr., Crystal Crespo, and Rose Hills Company dba Rose Memorial Park & Mortuary,

24  and states as follows:

25                        **PARTIES**

26       1.    American General Life Insurance Company ("American General") is a

27  corporation organized and existing under the laws of the State of Texas with its

28  principal place of business located in Houston, Texas.

                                    1

2.     Defendant Lyvette Crespo is a citizen of the State of California, and, upon information and belief, resides in Bell Gardens, California in Los Angeles County.

3.     Defendant Daniel Crespo Jr., is a citizen of the State of California, and upon information and belief, resides in Bell Gardens, California in Los Angeles, County.

4.     Defendant Crystal Crespo is a citizen of the State of California, and upon information and belief, resides in Bell Gardens, California in Los Angeles, County.

5.     Defendant Rose Hills is a corporate citizen of Delaware, upon information and belief, and conducts business in California with its principal place of business in Whittier, California.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1335, as there are two or more adverse claimants of diverse citizenship and American General has contemporaneously moved herewith to deposit with the Clerk of this Court the funds in controversy herein, which funds are over the required amount of $500.

7.     Venue is proper in this jurisdiction pursuant to 18 U.S.C. §1397 because one or more of the claimants reside in this jurisdiction.

## FACTUAL BACKGROUND

8.     On May 13, 1993, Daniel Crespo (the "Decedent"), as owner and insured, applied for life insurance coverage under a Universal Life policy. The application listed Lyvette Crespo, his spouse, as the primary beneficiary. No contingent beneficiary was listed. A true and correct copy of the redacted application is attached as **Exhibit A**.

9. American General issued a Universal Life policy, number A46569559G with a policy date of August 10, 1993, and with an initial specified amount of $61,904.00 ("Policy"). A *specimen* of the Policy is attached as **Exhibit B**.

10. When the Policy issued on August 10, 1993, the decedent's then spouse, Lyvette Crespo, was the designated primary beneficiary. A contingent beneficiary was not named.

11. While the Policy remained in The Decedent made his quarterly premium payments as required by the contract while the Policy remained in force.

12. During the marriage of the decedent and Lyvette Crespo, the decedent and primary beneficiary had two children, defendant Crystal Crespo and defendant Daniel Crespo Jr.

13. In August 2013, American General issued a contract endorsement documenting a partial withdrawal from the policy of $2,233.00 which reduced the Policy coverage to $56,034.00. Attached, hereto, as **Exhibit C** is a true and correct copy of the Contract Endorsement.

14. Decedent Daniel Crespo died on September 30, 2014. The death certificate lists the cause of death as "multiple gunshot wounds." A true and correct copy of the redacted death certificate is attached hereto as **Exhibit D**.

15. At the time of the decedent's death, Lyvette Crespo remained the designated primary beneficiary, no contingent beneficiary was named, and the Policy life insurance benefit totaled $56,034.00.

16. On October 10, 2014, Lyvette Crespo signed an Insurance Assignment form for $20,147.90 with the Rose Hills Company for services rendered by Rose Hills Memorial Park & Mortuary, for services rendered to handle and bury the body of the decedent, Daniel Crespo.

17.    On October 20, 2014, Lyvette Crespo submitted a claim for the life insurance benefits under the Policy.  A true and correct copy of the redacted claim form is attached hereto as **Exhibit E**.

18.    On November 4, 2014, American General corresponded with Lyvette Crespo advising that it had received the claims paperwork, were reviewing the claim, and would provide a further status once the review was completed.

19.    On November 4, 2014, American General spoke with the Police about the case.  The Police stated Lyvette Crespo was a suspect in the killing of Daniel Crespo, but had not been charged.

20.    On or about November 4, 2014, American General received an article which stated Lyvette Crespo shot the decedent Daniel Crespo multiple times.  A true and correct copy of the article is attached, hereto, as **Exhibit F**.

21.    American General corresponded with Lyvette Crespo on December 9, 2014, advising her it was still reviewing her claim.  A true and correct copy of the letter to Lyvette Crespo is attached as **Exhibit G**.

22.    Detective Kathleen Gallagher at the Los Angeles County Sheriff Department contacted American General to inquire about serving a subpoena to obtain the American General file related to the Policy.

23.    On December 11, 2014, Detective Gallagher provided a warrant to American General requesting its file on the Policy.  A true and correct copy of Detective Gallagher's email, as well as the warrant to American General, is marked as **Exhibit H**.

24.    American General advised on December 11, 2014, that it would get back to Detective Gallagher soon.  A true and correct copy of the email from Philip Evans is attached hereto as **Exhibit I**.

25.     Rose Hills Company contacted American General on Thursday, February 19, 2015, inquiring about the insurance assignment for $20,147.90 and seeking a status on when American General can pay Rose Hills Company.

26.     On Friday, February 20, 2015, counsel for American General spoke to Rose Hills Company and advised an interpleader was necessary because it is not clear that the assignment by Lyvette Crespo to Rose Hills doesn't contravene the public policy of the California slayer statute (Probate Code §250) and therefore, is voidable and/or void.

27.     By reason of Daniel Crespo's death, the life insurance proceeds under the Policy are due and owing.  At the time of the insured's death, the amount due under the Policy was $56,034.00, plus applicable interest.

28.     American General is, and at all time mentioned in this Complaint ready, willing, and able, to pay the life insurance proceeds under the Policy to the person or persons legally entitled thereto.   However, American General is informed and believes, and on that basis alleges, that by virtue of the potential criminal charges against the primary beneficiary, the death benefit may not be payable to her pursuant to California Probate Code section 252, which provides:  "A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent."

29.     American General is informed and believes, and on that basis alleges, that defendants and each of them are persons known to American General to be asserting some right, title, or interest in the death benefits which are the subject of this Complaint, and/or potentially could assert some right, title or interest in the proceeds. Hence, there are conflicting potential demands upon American General.

PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER
1336519v.1

30.     American General is unable to determine with certainty the validity of the actual and potential conflicting demands that are and may be made by defendants herein as described above, and cannot determine whom to pay. Additionally, American General may be exposed to multiple claims or liability should it make payment of any, or all, of the balance of the benefits to an individual or individuals not entitled to the benefits.

31.     By reason of the actual and potential conflicting claims to the life insurance proceeds, American General does not know and cannot determine the person or persons legally entitled to payment.  Further, because of the potential criminal charges against defendant Lyvette Crespo, American General is entitled to interplead the life insurance proceeds and to obtain a discharge in interpleader in reliance upon California Probate Code section 252, which disqualifies an individual responsible for killing an insured from receiving life insurance proceeds.

32.     American General claims no interest in the life insurance proceeds or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the defendants, is indifferent as to which person should receive the death benefit proceeds. Accordingly, American General files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the life insurance proceeds.

33.     American General has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the life insurance proceeds into this Court and to obtain judgment of this Court releasing American General from further participation in this matter, and for its fees and costs in interpleading the funds.  Defendants should be required to assert their respective claims to the Policy proceeds and litigate these claims among themselves.

PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER
1336519v.1

34.   American General is entitled to a permanent injunction against all defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against American General, or in any other Country or jurisdiction, arising from the Policy or the benefits payable under the Policy, and requiring the defendants to make any claim they might have with regard thereto in this action.

35.   Concurrent with filing this Complaint, American General has filed a motion to deposit the proceeds of the Policy, which shall equal $56,034.00 plus applicable interest.  Once the Court grants the motion, American General shall deposit with the Clerk of this Court a check for the life insurance benefits, plus applicable interest, at issue.

36.   American General retained the services of attorneys in California for the purpose of protecting its interests arising out of the defendants' actual and potential conflicting claims, and American General will be called upon to pay those attorneys for those services that they render in that regard.   American General also will be compelled to incur costs and disbursements in the prosecution of this action.   Those attorney's fees, costs, and disbursements are and should be a legal charge upon the proceeds of the Policy and should be repaid to American General out of the funds that it will deposit with the Clerk of this Court.   The remaining portion of the life insurance proceeds should be paid over to the proper beneficiary, as determined by the Court.

///
///
///
///
///
///

PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER
1336519v.1

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF

37.     American General realleges and incorporates by reference paragraphs 1 through 36 above as the fully set forth herein.

38.     An actual controversy has arisen and now exists between defendants and American General concerning monies payable under the Policy, specifically as follows:

a.   American General is informed and believes, and on that basis alleges, that Lyvette Crespo claims entitlement to the proceeds of the subject Policy as the primary beneficiary.

b.   American General is informed and believes, and on that basis alleges, that potential criminal charges against Lyvette Crespo, and if convicted, for the murder of Daniel Crespo preclude Lyvette Crespo from recovering the proceeds of the Policy, and either Estate of Daniel Crespo, or his two children Crystal Crespo and Daniel Crespo Jr., are entitled to the life insurance proceeds.

c.   Further, because of the current investigation into the shooting of Daniel Crespo and the potential charges against defendant Lyvette Crespo, American General is entitled to interplead life insurance proceeds and to obtain a discharge in interpleader in reliance upon California Probate Code §§ 250, 252, which disqualifies an individual responsible for killing an insured from receiving life insurance proceeds.

39.     By reason of the foregoing, there exists an actual, justiciable controversy among the parties.  The Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

40.     American General desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the Policy in conformity with the allegations set forth herein.

41.     A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

## **PRAYER**

WHEREFORE, American General prays for judgment against all defendants as follows:

1.     That this Court decree that the Complaint is properly filed and that this is a proper cause for interpleader;

2.     That the Clerk of this Court be authorized and directed to accept the funds interpleaded by this action and to deposit the same into the Court's registry held in an interest bearing account;

3.     That defendants each be compelled to interplead or settle among themselves their respective rights or claims to the proceeds due and payable under the Policy by reason of the insured's death;

4.     That the Court enter an Order restraining defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against American General with respect to the Policy and the proceeds payable thereunder;

5.     That having deposited the Policy proceeds with the Clerk of the Court, American General is discharged from all liability to defendants, and each of them, in this action or under the Policy.

6.     That American General be awarded its cost of suit incurred herein, including its reasonable attorney's fees, to be paid out of the funds that American General will deposit with the Clerk of the Court; and,

PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER
1336519v.1

1    7.    For such other and further relief as the Court deems just and proper.

2   Date: March 2, 2015                    WILSON, ELSER, MOSKOWITZ,

3                                           EDELMAN & DICKER LLP

4

5                                    By:   /s/ *Dennis J. Rhodes*

6                                           Michael K. Brisbin
                                            Dennis J. Rhodes
                                            Attorneys for Plaintiff
7                                           **AMERICAN GENERAL LIFE**
                                            **INSURANCE COMPANY**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER
1336519v.1