JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> LYVETTE CRESPO, DANIEL CRESPO, JR., CRYSTAL CRESPO, ESTATE OF DANIEL CRESPO and ROSE HILLS CO. dba ROSE MEMORIAL PARK & MORTUARY, <br><br> Defendants. | Case No.: CV 15-1493 DMG (MRWx) <br><br> **STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS [44]** |

Upon reading the Stipulation for Entry of Judgment of Discharge in Interpleader and for Distribution of Interpled Funds, it appearing that this Court has jurisdiction of the parties and of the subject matter set forth in plaintiff American General Life Insurance Company's First Amended Complaint in Interpleader filed in this action, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      That, on May 13, 1993, Daniel Crespo ("the Decedent"), as owner and insured, applied to plaintiff American General Life Insurance Company ("American General") for life insurance coverage under a Universal Life policy and the application listed defendant Lyvette Crespo, his spouse, as the primary beneficiary with no contingent beneficiary listed;

1

1409099V.1

2.     That American General issued a Universal Life policy, number A46569559G, with a policy date of August 10, 1993 and with an initial specified amount of $61,904.00 to insure the life of the Decedent (hereinafter "the Policy");

3.     That, when the Policy issued on August 10, 1993, defendant Lyvette Crespo was the designated primary beneficiary and a contingent beneficiary was not named;

4.     That the Decedent made his quarterly premium payments as required by the contract while the Policy remained in force;

5.     That, in February of 2006, American General issued a contract endorsement documenting a partial withdrawal from the Policy of $3,637.00, reducing the life insurance benefit to $58,267.00;

6.     That, in August 2013, American General issued a second contract endorsement documenting a partial withdrawal from the Policy of $2,233.00 which reduced the Policy coverage to $56,034.00;

7.     That, during the marriage of the Decedent and defendant Lyvette Crespo, the Decedent and defendant Lyvette Crespo had two children, defendant Crystal Crespo and defendant Daniel Nicholas Crespo (erroneously sued herein as defendant Daniel Crespo, Jr. and hereinafter referred to as "Daniel N. Crespo");

8.     That Decedent died on September 30, 2014 and the death certificate lists the cause of death as "multiple gunshot wounds";

9.     That, by reason of the Decedent's death, the death benefit in the amount of $56,034.00, plus applicable interest, under the Policy is due and owing;

10.     That, at the time of the Decedent's death, defendant Lyvette Crespo remained the designated primary beneficiary and no contingent beneficiary was named;

STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS

11.     That, on October 10, 2014, defendant Lyvette Crespo signed an Insurance Assignment form for $20,147.90 with defendant Rose Hills Co. dba Rose Memorial Park & Mortuary (hereinafter "Rose Hills") for services rendered by defendant Rose Hills to handle and bury the body of the Decedent;

12.     That, on October 20, 2014, defendant Lyvette Crespo submitted a claim for the death benefit payable under the Policy;

13.     That, on November 4, 2014, American General corresponded with defendant Lyvette Crespo advising that it had received the claim paperwork, was reviewing the claim, and would provide a further status once the review was completed;

14.     That, on November 4, 2014, American General spoke with the Police about the case, who stated defendant Lyvette Crespo was a suspect in the killing of the Decedent but had not been charged;

15.     That, on or about November 4, 2014, American General received an article which stated defendant Lyvette Crespo shot the Decedent multiple times;

16.     That defendant Lyvette Crespo has been indicted in the death of the Decedent;

17.     That defendant Rose Hills contacted American General on February 19, 2015, inquiring about the insurance assignment for $20,147.90 under the Policy and seeking a status on when American General could pay defendant Rose Hills;

18.     That American General was and is unable to safely pay the death benefit payable under the Policy, or any portion thereof, to defendant Lyvette Crespo or defendant Rose Hills without being exposed to multiple or double liability to the other named defendants, because criminal charges have been brought against defendant Lyvette Crespo and the death benefit therefore may not be payable to defendant Lyvette Crespo pursuant to California Probate Code section 252, which provides: "A named beneficiary of a bond, life insurance policy, or other contractual arrangement

STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS

who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent";

19.     That, American General was and is uncertain as to whether the assignment by defendant Lyvette Crespo to defendant Rose Hills contravened the public policy of the California slayer statute (Probate Code §250) and therefore was voidable and/or void;

20.     That, in the event defendant Lyvette Crespo is found not entitled to the death benefit payable under the Policy, the death benefit payable under the Policy may become part of defendant Estate of Daniel Crespo;

21.     That defendants and each of them are persons or entities known to American General to be asserting some right, title, or interest in the death benefit payable under the Policy, and/or potentially could assert some right, title or interest in the death benefit, and therefore there are conflicting potential demands upon American General;

22.     That American General is and was unable to determine with certainty the validity of the actual and potential conflicting demands that are being made to the death benefit due under the Policy and/or may be made by defendants herein as described above, and American General cannot determine to whom to pay the death benefit due under the Policy based on the death of the Decedent;

23.     That American General possessed a real and reasonable fear of double liability or conflicting claims related to the death benefit payable under the Policy;

24.     That American General may be exposed to multiple claims or liability should it make payment of any, or all, of the death benefit due under the Policy to an individual and/or entity not entitled to the death benefit;

STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS

25.    That, on March 2, 2015, American General filed a Complaint in Interpleader in this action against defendants Lyvette Crespo, Daniel N. Crespo, Crystal Crespo and Rose Hills;

26.    That on May 28, 2015, American General filed a First Amended Complaint adding the Estate of Daniel Crespo as a named defendant;

27.    That American General has deposited with the Court the sum of $56,388.02, which represents the death benefit due under the Policy plus accrued interest according to law;

28.    That this case is at issue, because each defendant has filed an Answer to the First Amended Complaint;

29.    That American General is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the death benefit payable under the Policy;

30.    That American General is a corporation and a citizen of the State of Texas;

31.    That defendants Lyvette Crespo, Daniel N. Crespo, Crystal Crespo and Estate of Daniel Crespo are citizens of the State of California;

32.    That defendant Rose Hills is a corporation and a citizen of the State of Delaware;

33.    That the money which is the subject of this interpleader action and which was deposited with the Court, representing the death benefit plus accrued interest due under the Policy, exceeds the amount of $500;

34.    That this Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1335, because American General has deposited the death benefit plus accrued interest due under the Policy in the amount of $56,388.02 with the Court and two or more adverse claimants of diverse citizenship, named as defendants in this action, are claiming or may claim an entitlement to the interpled funds;

STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS

35. That American General properly filed the First Amended Complaint In Interpleader in this action and stated a proper cause for interpleader;

36. That defendant Lyvette Crespo has released and waived any and all rights and claims under the Policy, any and all rights and entitlements to the death benefit payable under the Policy and accrued interest thereon and any and all rights and claims to the $56,388.02 deposited by American General with the Court in this action which represents the death benefit plus accrued interest due and payable under the Policy;

37. That defendants, and each of them, have agreed that $20,147.90 of the sum interpled by American General with the Court in this action shall be paid to defendant Rose Hills;

38. That defendants, and each of them, have agreed that the remainder of the sum interpled by American General with the Court in this action, after $20,147.90 is paid to defendant Rose Hills, and which amounts to $36,240.12 plus any interest accrued while on deposit with the Court, and minus any fees assessed by the Court, shall be paid to defendant Crystal Crespo as the Administrator of the Estate of Daniel Crespo;

39. That having brought this action and deposited with the Court the death benefit due under the Policy plus accrued interest, in the amount of $56,388.02, American General hereby is discharged from any and all liability to the defendants named in this action, i.e. Lyvette Crespo, Daniel Nicholas Crespo, Crystal Crespo (individually and as Administrator of the Estate of Daniel Crespo), the Estate of Daniel Crespo and Rose Hills Co. dba Rose Memorial Park & Mortuary, based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, the death of the Decedent (Daniel Crespo) and/or the defendants' claims for the death benefit payable under the Policy;

STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS

40.     That the Court, including its appropriate representative, shall pay and/or distribute the $56,388.02 interpled by American General in this action as set forth above in paragraphs 37 and 38;

41.     That the defendants named in this action, i.e. Lyvette Crespo, Daniel Nicholas Crespo, Crystal Crespo (individually and as Administrator of the Estate of Daniel Crespo), the Estate of Daniel Crespo and Rose Hills Co. dba Rose Memorial Park & Mortuary, hereby are permanently restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court, or administrative tribunal against American General based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, any of the defendants' claims for the death benefit payable under the Policy, and American General's handling of the Policy, administration of the Policy or its handling of the claim for the death benefit;

42.     That a judgment of discharge in interpleader hereby is entered in favor of American General in this action and as to all defendants, i.e. Lyvette Crespo, Daniel Nicholas Crespo, Crystal Crespo (individually and as Administrator of the Estate of Daniel Crespo), the Estate of Daniel Crespo and Rose Hills Co. dba Rose Memorial Park & Mortuary; and

43.     That all parties are to bear their own fees and costs with respect to the litigation of this action, including with respect to the Stipulation For Entry of Judgment of Discharge in Interpleader and for Distribution of Interpled Funds and this Stipulated Judgment.

44.     The telephonic status conference on July 24, 2015 is VACATED.

DATED:  July 22, 2015          _____
                                                DOLLY M. GEE
                                    UNITED STATES DISTRICT JUDGE

cc: Fiscal Services

STIPULATED JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF INTERPLED FUNDS